**UNITED STATES v. FLYNN et al.**

**No. 298, Docket 22070.**

United States Court of Appeals
Second Circuit.

Aug. 6, 1951.

Harold I. Cammer, New York City, for defendants-appellants.

Irving H. Saypol, U. S. Atty., New York City, for plaintiff-appellee; Roy M. Cohn, New York City, of counsel.

Before AUGUSTUS N. HAND, FRANK and L. HAND, Circuit Judges.

PER CURIAM.

The plaintiff, on July 10, 1951, obtained an order from Judge Holtzhoff that the defendants herein show cause why an order should not enter revoking the bail heretofore posted for them by the Bail Fund of the Civil Rights Congress of New York (C. R. C.) and requiring the posting of new and different bail. Upon the return of the order to show cause the motion was referred to Judge Ryan who, after a hearing, cancelled the bail and directed the apprehension of the defendants in the event new bail was not furnished. The defendants insist that Judge Ryan's order flouted an order made by A. N. Hand, Frank and L. Hand, JJ., on June 27, 1951, directing the approval of the bail tendered by the defendants subject to the provision in the order that the plaintiff might institute further proceedings upon new evidence for the revocation of bail because of the insufficiency of the title of the C. R. C. to the bail fund. Our jurisdiction to grant the order of June 27, 1951, for which a court had been specially convened, was based upon the fiction that these defendants had sought writs of habeas corpus which had been denied in the District Court and that the proceeding was an appeal from such a denial. At the time we made clear the irregularity of the means sought to test the title of the C. R. C. to the bail fund and that it would not be permitted to serve as a precedent for future appeals on an incomplete record.

In the instant proceeding, these defendants assert that Judge Ryan's order not only flouted our order of June 27, 1951, but that it was improper on other grounds. With these other grounds we are not now concerned. If, after the recent memorandum decisions of Judges L. Hand and Swan of this court, and of Justice Reed of the Supreme Court, these defendants still wish to assert that Judge Ryan was in error, the appropriate procedure is, as we have indicated above, by way of habeas corpus.

This court does have jurisdiction to see that its mandate is complied with. However, the order did not disobey our mandate. Judge Ryan did not revoke the bail because of the insufficiency of the title of the C. R. C. but revoked it because the trustees of the C. R. C. had shown, by refusing to answer questions relating to the bail fund and their connection with the defendants, a disregard of their responsibilities as sureties for the discovery and presentation before the court of their principals. The situation is quite different from that presented to us last June. Our June order was made on the theory that the C. R. C. had title to the funds offered as security. Now the question is not of title of the C. R. C., but of the right of the surety to disregard its alleged obligation to produce the defendants for trial. The motion Ryan, J., had before him was an entirely new one and our order of June 27, is no bar.

Motion denied.